COREY SPILLMAN, TAMMY )
SPILLMAN, K.S., and M.S., minors, by )
and through their Next Friend Corey )
Spillman, )
    )    No. 6:24-cv-03221-RK
    )
    Plaintiffs, )
    v.    )
    )
SUN AUTO TIRE & SERVICE, INC., d/b/a )
PLAZA TIRE SERVICE, )
    )
    Defendant. )

## ORDER

Before the Court are Defendant's motion for summary judgment, (Doc. 100), and Plaintiffs' motion to strike Exhibit E to Defendant's motion for summary judgment—Tom Vadnais' declaration, (Doc. 102). The motions are fully briefed. (Docs. 101, 103, 104, 105, 106, 107, 110, 111, 112.) After careful consideration and for the reasons explained below, the Court **ORDERS** that (1) Defendant's motion for summary judgment is **DENIED**, and (2) Plaintiff's motion to strike Exhibit E is **GRANTED in part** and **DENIED in part**.

### Background[1] and Procedural Posture

Plaintiff Corey Spillman bought his 2004 Ford Explorer Sport Trac (the "Vehicle") in 2022. On April 4, 2024, Mr. Spillman took the Vehicle to a Plaza Tire Service ("Plaza Tire") store in Springfield, Missouri.[2] Mr. Spillman requested that two tires be replaced.[3] Plaza Tire replaced the two front tires of the Vehicle and placed the two new tires on the front axle of the Vehicle. The two rear tires (which were not replaced) both had tire treads that were measured at "below

---

[1] Except where otherwise noted, these facts are taken from the parties' statements of uncontroverted facts. The Court has omitted facts properly controverted, facts asserted that are immaterial to the resolution of the pending motion, facts asserted that are not properly supported by admissible evidence, legal conclusions, and argument presented as an assertion of fact.

[2] Plaza Tire is a brand of stores that is owned by Defendant Sun Auto Tire & Service, Inc. ("Sun Auto").

[3] Evidence in the record reflects that Plaintiff requested that Defendant "replace th[e] 2 worst tires." (Doc. 101-3 at 1.)

3/32nds." (Doc. 101-3 at 4.)[4]  Four days later, on April 8, 2024, Mr. Spillman and his family—Plaintiffs Tammy Spillman and their two minor children, K.S. and M.S.—began a road trip to Florida in the Vehicle.  Plaintiffs drove for about twelve hours that day and stayed a night in Pensacola, Florida.  On April 9, 2024, Plaintiffs continued their drive to their ultimate destination of Ocala, Florida.  While travelling eastbound on Interstate 10, the right rear tire (the "Subject Tire") on the Vehicle failed.  This caused Mr. Spillman to lose control of the Vehicle, which flipped and landed near the tree line below the interstate.  Plaintiffs' expert opines that the Subject Tire suffered tread separation which resulted in a near instantaneous loss of inflation pressure.

After the crash, Plaintiffs' insurer—Progressive Insurance—took possession of the Vehicle (including the Subject Tire) and obtained the title to the Vehicle.  Progressive placed a hold on the Vehicle to preserve it for the parties to have access to inspect the vehicle.  At some point after the crash, the Vehicle and the Subject Tire were extensively photographed.  Despite the hold on the Vehicle, Progressive Insurance sold the Vehicle on July 3, 2025, without first communicating with representatives for either Plaintiffs or Defendant, or more specifically, any counsel in this case.  The Vehicle and Subject Tire were subsequently destroyed.  Neither Plaintiffs nor Defendant had conducted a physical inspection of the Vehicle or Subject Tire prior to their destruction.[5]

## Discussion

The sole-remaining claim is Count 1, asserting a negligence claim against Defendant Sun Auto.[6]  Plaintiffs specifically allege that Defendant should have known that the Subject Tire was defective and in an unsafe condition due to a manufacturing defect, and thus should have been replaced rather than one of the front tires.  At the summary judgment stage, Defendant argues that the unavailability of the Vehicle and Subject Tire for expert examination is fatal to Plaintiffs'

---

[4] This fact is reflected in the invoice Plaintiff received from Defendant after service.  This document recommended future replacement of the two rear tires because of the tread depths; it does not mention unequal tread wear.  (Doc. 101-3 at 4.)  It does not appear that the invoice states the tread depth on the old front tires which were replaced.

[5] This issue was the previous subject of Plaintiffs' motion for application of spoliation doctrine, (Doc. 68), which was later withdrawn by Plaintiffs and stricken from the record by the Court, (Docs. 91, 92).  The facts as stated herein are adopted as uncontroverted by the parties in this case for the purposes of this summary judgment motion.  Progressive Insurance is not a party to this case and has not had an opportunity to contest this version of events in the case before this Court.

[6] Previously, Plaintiffs voluntarily dismissed Defendant Diane Guinn, (Doc. 21), and the Court granted motions to dismiss for lack of personal jurisdiction as to Ford Motor Company and Goodyear Tire & Rubber Company, (Doc. 39), against whom Plaintiffs asserted product liability tort claims.

2

negligence claim because Plaintiffs cannot present any evidence why the Subject Tire failed. In support, Defendant's expert, Tom Vadnais, opines that without being able to physically examine the Subject Tire, it is not possible to determine the cause of its failure. Plaintiffs move to strike Mr. Vadnais' expert declaration on the basis that it is not supported by personal knowledge and lacks foundation. Because Plaintiffs' motion affects which facts the Court may properly consider in deciding Defendant's summary judgment motion, the Court begins there.

## I. Plaintiffs' Motion to Strike Exhibit E

Plaintiffs move to strike Exhibit E in support of Defendant's motion for summary judgment—Tom Vadnais' expert declaration, (Doc. 101-6). (Doc. 102.) Plaintiffs argue that the declaration lacks foundation and does not satisfy the affidavit requirements of Rule 56(c)(4) of the Federal Rules of Civil Procedure. More specifically, Plaintiffs suggest that the declaration was not made from Mr. Vadnais' personal knowledge and did not otherwise set out that he is competent to testify on the matters stated. Defendant responds that Mr. Vadnais is an expert, that his declaration is a valid expert opinion, and that even if his declaration were inadmissible, his expert opinion could be presented in an admissible form at trial.

Pursuant to Rule 56(c)(4), "[a]n affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." While Rule 56(c)(4) itself does not contemplate or provide authority for striking declarations which do not comply with these requirements, the Eighth Circuit has held that "[a] declaration which does not satisfy these requirement[s] may be stricken or disregarded." *Jain v. CVS Pharm., Inc.*, 779 F.3d 753, 758 (8th Cir. 2015).[7]

The Court generally concludes that Mr. Vadnais' declaration is proper and may be considered in deciding Defendant's motion for summary judgment. Mr. Vadnais' declaration states that he "ha[s] a degree in mechanical engineering from the University of Maryland" and that he has "been a tire engineer since graduating from [the University of] Maryland" in 1978. (Doc. 101-6 at ¶ 1.) Mr. Vadnais' CV is attached to the declaration. (*Id.* at ¶ 2; Doc. 101-7.) Based on these

---

[7] Some district courts have favored disregarding non-compliant declarations rather than striking them, finding that motions to strike are procedurally limited to material contained in pleadings. *See, e.g.*, *Starks v. St. Louis County*, No. 4:21-cv-435 RLW, 2024 WL 3204041, at *6 (E.D. Mo. June 26, 2024) (disregarding, rather than striking, improper declaration after finding that Rule 12(f) only permits the court to strike material from *pleadings* and that a declaration is not a pleading).

qualifications, Mr. Vadnais was "hired by defendant [to] perform an analysis of the failed subject right rear tire to determine the cause of its failure." (Doc. 101-6 at ¶ 3.) Mr. Vadnais also sets forth his method for determining why a tire fails, explaining that "an engineer needs to . . . view the entirety of both sides, the entire circumference, and the complete interior of the tire," which "necessitates removing the tire and wheel from the vehicle, then demounting the tire from the wheel." (*Id.* at ¶ 4.) Based on the record now before the Court, it is not clear whether Mr. Vadnais reviewed the photographs of the Vehicle and Subject Tire prior to forming his opinion. Regardless, he opines that "[w]ithout being able to view the complete tire, it is not possible to determine the cause of its failure to a reasonable degree of scientific certain[ty]," and that he will never be able to determine the cause of the tire failure in this case due to the destruction of the Subject Tire. (*Id.* at ¶¶ 6, 8.) In other words, Mr. Vadnais opines that a full physical inspection, rather than a photographical inspection, of the tire is necessary to determine causation.

"'In some instances, courts will infer personal knowledge from the content or context of a statement in an affidavit,' where the content and context support an inference that it reflects the affiant's personal knowledge." *Riggs v. City of Owensville*, No. 4:10-cv-793 CAS, 2011 WL 1743691, at *2 (E.D. Mo. May 4, 2011) (quoting *Brooks v. Tri-Systems, Inc.*, 425 F.3d 1109, 1111-12 (8th Cir. 2005)). This includes inferring personal knowledge based on a declarant's position of employment. *See Arnold v. AT&T, Inc.*, 874 F. Supp. 2d 825, 832 (E.D. Mo. 2012) ("[T]he Court finds that the personal knowledge of the facts attested to can be inferred based upon the declarants' respective positions within the corporate defendants.").

Moreover, the caselaw Plaintiffs cite in support of striking the declaration based on lack of personal knowledge deals with lay witness declarations,[8] whereas Mr. Vadnais is a retained expert providing expert opinions in his declaration. Even though Rule 56(c)(4) does not explicitly distinguish lay declarations and expert declarations, the Court is persuaded that the distinction is relevant as different standards apply to determine the ultimate admissibility and scope of lay and expert testimony. To the extent Plaintiffs challenge Mr. Vadnais as an expert (for example, regarding his qualifications or methodology), such issues are better left to a properly supported

---

[8] *See Jain*, 779 F.3d at 758 (addressing declaration submitted by Jain's husband, a lay witness); *Niekamp v. State of Missouri*, No. 20-cv-04075-WJE, 2022 WL 4543207, at *2 (W.D. Mo. Sept. 28, 2022) (finding declaration contained lay witness opinion, not expert witness opinion); *Restore KCMO, LLC v. Great Lakes Ins., SE*, 649 F. Supp. 3d 849, 858 (W.D. Mo. 2023) (lay witness affidavit).

4

*Daubert* motion. Therefore, based on Mr. Vadnais' position as a tire engineer, his CV, and his status as Defendant's retained expert, the Court infers personal knowledge and experience qualifying him to give the opinions set forth above, even if the declaration does not include explicit representations, *inter alia*, concerning his personal knowledge and experience.

However, the Court is persuaded by Plaintiffs' argument that paragraph 5 of Mr. Vadnais' declaration is without foundation and thus potentially improper. Paragraph 5 states: "The subject right rear tire still had useable life, with all tread depths exceeding 2/32nds of an inch." (Doc. 101-6 at ¶ 5.) This statement is not supported by any other assertions in the declaration, and Mr. Vadnais did not attach any documents to his declaration in support of this statement. Nor did Defendant address this statement included in Mr. Vadnais' declaration which Plaintiffs expressly challenged in their motion to strike. Without reference to where the information in paragraph 5 came from, such as from reviewing photographs or relying on documents reflecting such information,[9] Mr. Vadnais' statement is without foundation and improper under Rule 56(c)(4) for consideration for purposes of summary judgment. Therefore, the Court will disregard paragraph 5 for purposes of deciding Defendant's motion for summary judgment.[10]

Accordingly, Plaintiffs' motion to strike Exhibit E to Defendant's motion for summary judgment is **GRANTED in part** and **DENIED in part**.

## II. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on the basis that the sale and destruction of the Vehicle and Subject Tire will prevent any party from being able to determine the cause of the failure of the Subject Tire that led to the crash. Defendant argues that accordingly, Plaintiffs are

---

[9] The Court notes that Defendant's exhibits as attached to its motion for summary judgment include a signed invoice from Plaza Tire Service on April 4, 2024, for the tire replacement and other services on the Vehicle. (Doc. 101-3.) The invoice states that at the time of service, the two rear tire treads—including the Subject Tire's tread—were "below 3/32nds." (*Id.* at 4.) This document does not state that the tire treads *exceeded* 2/32nds, however. Regardless, Mr. Vadnais did not refer to this document, or any other document, in support of his statement that the tread depths exceeded 2/32nds.

[10] This ruling pertains only to the record properly before the Court for purposes of summary judgment. This Order makes no determination as to the ultimate admissibility of the information in the declaration or as to Mr. Vadnais as an expert witness. Such considerations are best left to a properly supported *Daubert* motion after expert discovery, which has not yet been conducted in this case upon request by the parties to address dispositive motions prior to expert discovery. (*See* Docs. 94, 96.) Moreover, Even if the Court considered paragraph 5, it would not affect the outcome of Defendant's motion for summary judgment for the reasons explained below.

unable to establish proximate causation, a necessary element of their negligence claim. Plaintiffs counter that a sufficient question of material fact remains as to proximate causation, specifically arising from the expert opinion of Plaintiffs' retained expert, Richard Sherman.[11]

### A.  Legal Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In this context, a fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In applying this standard, the Court must view the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Recio v. Creighton Univ.*, 521 F.3d 934, 938 (8th Cir. 2008). Thus, the relevant inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. In resisting summary judgment, the nonmoving party may not rest on the allegations in its pleadings, but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *see also Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007).

### B.  Analysis

Plaintiffs assert that Defendant was negligent when it replaced the front two tires and installed the new tires on the front of the Vehicle, rather than replacing the rear Subject Tire. Plaintiffs must establish the following elements to prevail on a negligence claim under Missouri law: "(1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury." *Webb v. Medicalodges, Inc.*, 728 F. Supp. 3d 1019, 1024 (W.D. Mo. 2024) (quoting *Martin v. City of Washington*, 848 S.W.2d 487, 493 (Mo. banc 1993)). As part of the third element, "Missouri courts

---

[11] Plaintiffs also argue that Defendant fails to meet its initial burden of production for seeking summary judgment because it failed to submit proper evidence. Plaintiffs argue that once the declaration of Mr. Vadnais is stricken, Defendant has supplied no other evidence to support its motion. Given the Court's ruling on Plaintiffs' motion to strike above, the Court does not consider this argument further.

require the plaintiff to prove the defendant's acts were both the actual and proximate cause of the plaintiff's damages." *Beelman Truck Co. v. Raben Tire Co.*, LLC, No. 1:18-cv-00122-SNLJ, 2019 WL 5213019, at *2 (E.D. Mo. Oct. 16, 2019) (citing *Travelers Prop. Cas. Co. of Am. v. Manitowoc Co., Inc.*, 389 S.W.3d 174, 179 (Mo. banc 2013)). Defendant argues that Plaintiffs cannot establish proximate causation.[12] Plaintiffs argue that summary judgment is precluded because issues of material fact remain, specifically that their expert has presented evidence of proximate causation.

"The general test for proximate cause is whether the injury is the natural and probable consequence of the defendant's negligence." *Tyson v. Chi. Title Ins. Co.*, 348 S.W.3d 833, 837 (Mo. Ct. App. 2011). While a finding of proximate cause requires that it also be a cause-in-fact, "[p]roximate cause requires something in addition to a 'but for' causation test because the 'but for' causation test serves only to exclude items that are not causal in fact." *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 865 (Mo. 1993). "A finding of proximate cause cannot be based on speculation or conjecture." *Tyson*, 348 S.W.3d at 837. Thus, the Court must consider whether there is an issue of material fact regarding whether the Subject Tire's failure was proximately caused by Defendant's alleged negligence of replacing both front tires with new tires rather than replacing the rear Subject Tire.

Defendant sets forth evidence that proximate causation cannot be established without speculation or conjecture. Mr. Vadnais' declaration opines that "[w]ithout being able to view the complete tire, it is not possible to determine the cause of its failure to a reasonable degree of scientific certain[ty]." (Doc. 101-6 at ¶ 6.) Defendant concludes that because there is no evidence of what caused the tire to fail, and because no such evidence can be obtained now that the Subject Tire has been destroyed, Plaintiffs cannot establish proximate causation. To support a factual position at summary judgment, a party may show a lack of evidence—in other words, "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). Defendant takes this approach in arguing that Plaintiffs cannot establish proximate causation

---

[12] In its motion for summary judgment, Defendant does not challenge any other element of Plaintiff's negligence claim. Thus, the Court does not consider Defendant's duty or breach of duty, which go to the question of whether Defendant's conduct of not replacing the Subject Tire was negligent. Plaintiffs' theory as to negligence appears to depend on the visibility of the uneven tread at the time the tire was replaced; the Court notes that the current record before it does not clearly indicate whether Plaintiffs can establish that the uneven tire tread Plaintiffs' expert notes from the post-crash photographs of the Vehicle and Subject Tire was present at the time of service. However, Defendant does not argue this point in its motion for summary judgment.

because the Subject Tire was destroyed. Thus, the burden shifts to Plaintiffs to provide some evidence of proximate causation to defeat summary judgment.

In opposition to Defendant's motion for summary judgment, Plaintiffs submitted the declaration of Richard Sherman, an automotive engineer specializing in tire design and failure analysis. (Doc. 105-2 at ¶¶ 1, 3.) Mr. Sherman was retained by Plaintiffs to perform an analysis of the Subject Tire to determine how it failed. (*Id.* at ¶ 13.) In forming his opinions, Mr. Sherman relied on over 375 color photographs and copies of color photographs of both the Vehicle and Subject Tire specifically. (*Id.* at ¶ 14.) Mr. Sherman disagrees with Mr. Vadnais' opinion that a complete physical inspection of a tire is necessary to determine the cause of its failure. (*Id.* at ¶ 36.) Instead, Mr. Sherman states that "[a]lthough an in-person, tactile inspection of the physical evidence in an alleged tire failure is preferred[,] [e]xperts may rely upon photographs in place of a tactile investigation provided the information evident in the photos is sufficient to form an opinion." (*Id.* at ¶ 37.) Mr. Sherman opines that, based on photographs, the Subject Tire had objectively visible indications that it suffered from a manufacturing defect. (*Id.* at ¶¶ 26-43.)

Based on his review of the photographs and other records in this case, Mr. Sherman stated the following opinions which he found to a reasonable degree of scientific certainty:

50. The manufacturing defects evident in the subject right rear Goodyear tire compromised the structural integrity and reduced its carcass strength in a manner to increase the propensity for a structural delamination and eventual catastrophic failure.

51. The poor structural condition evident in the irregular tread wear on the subject right rear tire increased the risk of a catastrophic failure, exacerbated the tread separation and the resulting near instantaneous loss of inflation pressure.

52. I am unable to determine if the cause of the subject right rear tire failure was due to structural failure from manufacturing defects or a disabling impact from a road hazard.[13]

53. The near instantaneous loss of inflation pressure of the subject right rear tire caused the loss of control condition of the Sport-Trac and the resulting crash.

54. Plaza Tire Service should have noticed the hazardous condition of the subject right rear tire and at a minimum, recommend a replacement based upon the evident hazardous condition.

---

[13] Plaintiff's expert does not define "disabling impact from a road hazard." Based on plain language and common sense, the Court herein assumed that it refers to an impact on the road with some object (such as a rock or nail) or road defect (such as a pothole).

> 55. In this case, Plaza Tire Service's failure to replace the failing subject right rear tire increased the Sport-Trac's exposure to a catastrophic tire failure.
>
> 56. Had Plaza Tire Service replaced the failing subject right rear Goodyear tire, this crash would not have occurred.

(*Id.*) Stated another way, Mr. Sherman's final opinion in paragraph 56 opines that Defendant's failure to replace the Subject Tire was a but-for cause of the crash. *See Beelman*, 2019 WL 5213019, at *2 ("The test for actual cause asks whether the plaintiff would have been injured but for some conduct on the defendant's behalf.").

Thus, Plaintiffs rely on Mr. Sherman's declaration to establish actual cause and argue that proximate cause follows because "a catastrophic rear tire blowout as a result of poor tire condition was well within the scope of foreseeable risk" by not replacing the Subject Tire. (Doc. 105 at 6.) Defendant counters that Mr. Sherman's opinions in his declaration are internally inconsistent in that he first opines that he cannot determine whether the tire failure was caused by "structural failure from manufacturing defects or a disabling impact from a road hazard," (Doc. 105-2 at ¶ 52), yet then opines that the crash would not have occurred had Defendant replaced the Subject Tire, (*id.* at ¶ 56).

However, the Court finds that these statements are not inherently inconsistent. While Mr. Sherman cannot determine the final cause of the tire failure (i.e., whether the apparent manufacturing defect or a disabling road impact), he does opine that the failure to change out the Subject Tire caused the crash. Defendant's negligence need not be the only cause of the tire failure. *See Saia Motor Freight Line, LLC v. Umeokoro*, No. 22-cv-00308-BP, 2023 U.S. Dist. LEXIS 234805, at *7 (W.D. Mo. Dec. 21, 2023) ("[I]t is only necessary that the defendant's negligence be a cause or a contributing cause to the injury, not the exclusive cause." (quoting *Wagner v. Bondex Int'l, Inc.*, 368 S.W.3d 340, 350-51 (Mo. Ct. App. 2012))). Thus, Mr. Sherman's expert opinions (1) that the Subject Tire had objectively visible signs of a manufacturing defect and (2) that had Defendant replaced the Subject Tire, the crash (whether caused after the apparent manufacturing defect manifested in the Subject Tire or because the Subject Tire hit a road hazard) would not have occurred, are not necessarily inconsistent.[14]

---

[14] Functionally, Defendant invites the Court to decide the weight and credibility of the competing expert declarations—it would be improper for the Court to do so at summary judgment.

The apparently conflicting statements are reconcilable because according to Mr. Sherman the Subject Tire may have failed *partly due to* either a manufacturing defect or a disabling road impact, but regardless, it failed because Defendant did not replace it and a new tire may not have failed under these same circumstances.[15] Mr. Sherman bases his conclusions on review of numerous photographs of the Vehicle and Subject Tire, and the Court concludes that his ultimate causation opinion rises above the level of speculation or conjecture for purposes providing evidence in opposition to summary judgment. Moreover, in addition to actual causation, Mr. Sherman's opinions raise an issue of fact as to proximate causation. The prior discussion raises an issue of fact as to whether the failure to replace Subject Tire was a cause-in-fact of the crash. Mr. Sherman's declaration also provides evidence and support for the proposition that the tire failure is a "natural and probable consequence of the defendant's negligence." *Tyson*, 348 S.W.3d at 837. According to Mr. Sherman, tire failures, such as this one, may result in "near instantaneous loss of inflation pressure." (Doc. 105-2 at ¶ 51.) He further opines that the loss of inflation pressure "caused the loss of control condition" of the Vehicle which resulted in the crash. (*Id.* at ¶ 53.) Thus, Mr. Sherman has drawn a continuous causal link between Defendant not replacing the Subject Tire and the ultimate loss of control and crash.

Mr. Vadnais and Mr. Sherman thus provide conflicting opinions on the cause (or the ability to determine the cause) of the tire failure. "In determining whether summary judgment is proper, the court should not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." *First Baptist Church v. Zurich Am. Ins.*, 129 F.4th 488, 493 (8th Cir. 2025) (internal quotation marks omitted). Therefore, this evidence is sufficient to create a triable issue of fact regarding proximate cause, and Defendant's motion for summary judgment is **DENIED**.

---

[15] Mr. Sherman did not explicitly make this connection. However, the Court in deciding Defendant's motion for summary judgment must give Plaintiffs "the benefit of all inferences that may be reasonably drawn from the evidence." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587-88.

The Court is hardly persuaded by Mr. Sherman's opinion as to causation, particularly in light of his other testimony regarding the inability to determine whether the failure was ultimately due to a manufacturing defect or a disabling road impact. However, at this time, there is sufficient evidence in the record to create an issue of material fact as to the causation element and the Court will not weigh the conflicting expert testimony.

10

**Conclusion**

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that Defendant's motion for summary judgment, (Doc. 100), is **DENIED**, and Plaintiff's motion to strike Exhibit E to Defendant's motion for summary judgment, (Doc. 102), is **GRANTED in part** and **DENIED in part**. Pursuant to the Court's Fourth Amended Scheduling Order, which contemplated that the completion of expert discovery would be due 90 days after this Court's ruling on any dispositive motions, (Doc. 96), the deadline for completion of expert discovery is **September 25, 2026**.

Also pending is an unopposed motion to continue the trial date to accommodate the completion of expert discovery. (Doc. 113.) Considering the above determinations, the Court **FURTHER ORDERS** that the motion to continue the trial date is **GRANTED**. A Fifth Amended Scheduling Order which comports with the new deadline for expert discovery and sets new trial-related dates is forthcoming.

**IT IS SO ORDERED.**


s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 23, 2026